UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 99-CR-1044 (JBW) |
| v. | Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |
| ANGEL MALDONADO, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

Angel Maldonado was originally sentenced by this court on June 5, 2002 to time served followed by five years supervised release for racketeering activities in violation of 18 U.S.C. §§ 1962(c) and 1963 including kidnapping and robbery, and for robbery conspiracy in violation of 18 U.S.C. § 1951(a) and possession of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Restitution was imposed in the amount of $269,819.93 with no interest to accrue, to be paid at a rate of $50 per month beginning one month after release from prison and increasing to $100 per month one year after the first payment. On July 13, 2009, Maldonado pled guilty to a single charge of violation of a condition of supervised release. The charge alleged that on October 3, 2006, Maldonado violated the mandatory condition that he "shall not commit another federal, state or local crime" by criminally possessing a controlled substance. He has had other problems with compliance throughout his period of supervised release.

The court was statutorily required to revoke the sentence of supervised release and impose a sentence that included a term of imprisonment not exceeding five years. See 18 U.S.C. § 3583(g) and (e)(3). The instant violation was classified as a grade B violation. See U.S.S.G. § 7B1.1(a)(2). The defendant's criminal history category at the time he was originally sentenced was one, yielding a guidelines range of imprisonment for the violation of between four and ten months. See U.S.S.G. § 7B1.4(a).

Maldonado was sentenced on July 13, 2009 to time served of approximately two months, followed by discharge from supervised release. His restitution obligation was modified, making the entire amount of restitution remaining immediately due as a lump sum, with interest to accrue

2

from the date of the original judgment of conviction. Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Defendant appears unimproved by supervision; his continual non-compliance with supervised release suggests that he is likely to be a recidivist. He is presently under the supervision of state parole after a period of incarceration for the offense constituting this violation of supervised release. The court ordered that this sentence be transmitted to the state parole authorities for their consideration. Federal supervision would likely be redundant and would not serve any further benefit at this time.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: July 29, 2009
Brooklyn, New York